UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR IBRAHIM and KRISTILLIN CASTILLO, on behalf of themselves, individually, and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DYSON DIRECT, INC.,<br><br>Defendant. | **COMPLAINT**<br><br>**Docket No.:**<br><br>**JURY TRIAL DEMANDED** |

OMAR IBRAHIM and KRISTILLIN CASTILLO (together, where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated (collectively as "Rule 23 Plaintiffs," as this term is defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against DYSON DIRECT, INC. ("Dyson" or "Defendant"), allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and other redress based upon violations that Defendant committed of Plaintiffs' rights guaranteed to them by: (i) the New York Labor Law's requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (ii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

2. Defendant is an Illinois corporation with a principal place of business in Chicago, Illinois, which operates a global enterprise that sells, services, ships, and repairs technology, such as

vacuum cleaners, hair styling tools, air purifiers, headphones, and lighting.  Plaintiffs Ibrahim and Castillo both worked for Defendant, in New York, Ibrahim as an "operations associate" and Castillo as an "operations specialist," in which role, regardless of title, they both primarily restocked shelves and packed shipping orders, repaired products, received shipments, counted inventory, and performed product-related demonstrations.  Ibrahim worked for Defendant from March 2022 until May 2023, and Castillo worked for Defendant from December 2019 until April 2022.

3. As described below, throughout Plaintiffs' employment, Defendant violated the NYLL by failing to pay Plaintiffs, manual workers, on at least as frequently as a weekly basis, paying them on a bi-weekly basis instead.

4. Defendant further violated the NYLL by failing to furnish Plaintiffs with an accurate wage statement on each payday.

5. Defendant has paid and treated all of its manual worker employees, such as operations associates, operations specialists, and retail experts, in this same manner.

6. Accordingly, Plaintiffs bring this lawsuit against Defendant as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who worked for Defendant in New York and who suffered damages as a result of Defendant's violations of the NYLL.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the proposed class of Plaintiffs is a citizens of a state different from that of Defendant.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff Ibrahim was and is a citizen of New York. At the time of filing this Complaint Plaintiff Castillo is a citizen of New Jersey. Both Ibrahim and Castillo worked for Defendant in New York and were thus "employees" entitled to protection as defined by the NYLL.

10. At all relevant times herein, Defendant was and is an Illinois corporation with its principal place of business located at 1330 West Fulton Street, 5th Floor, Chicago, Illinois 60607, which is registered to do business in New York, and which is an "employer" within the meaning of the NYLL as it employs one or more employees in New York.

## RULE 23 CLASS ALLEGATIONS

11. Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well as on behalf of all those who are similarly-situated whom Defendant has subjected to violations of the NYLL during the applicable statutory period.

12. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

13. Plaintiffs seek certification of the following FRCP 23 class:

   Current and former manual worker employees, such as operations associates, operations specialists, or retail experts, or

those working in a similar position, who during the applicable NYLL limitations period performed any work for Defendant in New York ("Rule 23 Plaintiffs").

### Numerosity

14. During all times applicable to the NYLL, Defendant has employed at least forty, and in fact more than 100 employees that are putative members of this class.

### Common Questions of Law and/or Fact

15. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendant required and requires each Rule 23 Plaintiff to perform; (2) whether Defendant paid the Rule 23 Plaintiffs all of their earned wages on at least as frequently as a weekly basis; (3) whether Defendant furnished and furnishes the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (4) whether Defendant kept and maintains records with respect to each hour that the Rule 23 Plaintiffs have worked; (5) whether Defendant kept and maintains records with respect to the compensation that it paid to the Rule 23 Plaintiffs; (6) whether Defendant maintains any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (7) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (8) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

16. As described in the "Background Facts" section below, Defendant has employed Plaintiffs and Rule 23 Plaintiffs as manual worker employees. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as Plaintiffs and the Rule 23 Plaintiffs work and/or have worked for Defendant in New York, yet Defendant has routinely failed to pay them all of their wages on at least as frequently as a weekly basis, while also failing to provide them with

an accurate wage statement on each payday. Plaintiffs and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to be paid all of their wages on at least as frequently as a weekly basis and to be furnished with an accurate wage statement on each payday. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and its supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of timely compensation, due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

<u>Adequacy</u>

17. Plaintiffs, as described below, have worked the same or similar hours and performed the same or similar duties as the Rule 23 Plaintiffs throughout their employment with Defendant. Defendant did not and does not pay them all of their wages on at least as frequently as a weekly basis and did not and does not furnish them with an accurate wage statement on each payday, which is substantially-similar to how Defendant has paid and treated the Rule 23 Plaintiffs. Plaintiffs fully anticipate testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer that pertain to them. Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

18. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

<u>Superiority</u>

19. Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant has treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

20. Any lawsuit brought by any New York manual worker employee of Defendant for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

21. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

22. Dyson is an Illinois corporation, with its principal place of business in Chicago, Illinois, which operates a global enterprise that sells, services, and repairs technology, such as vacuum cleaners, hair styling tools, air purifiers, headphones, and lighting, from various storefront facilities located throughout the world.

23. Dyson operates two facilities in New York, a Dyson Demo Store located at 640 5th Avenue, New York, New York 10019, and a Dyson Service Center located at 41 S Mall, Plainview, New York 11803.

24. Plaintiff Ibrahim worked for Defendant as an "operations associate" from May 2022 until May 2023, at Defendant's 640 5th Avenue location in Manhattan.

25. In that role, Plaintiff Ibrahim was primarily responsible for restocking shelves, packing shipping orders, repairing products, receiving shipments, counting inventory, and performing product related demonstrations.

26. Significantly more than twenty-five percent of Plaintiff Ibrahim's work was spent completing manually laborious tasks, such as those listed in the prior paragraph.

27. Plaintiff Castillo worked for Defendant as an "operations specialist" from December 2019 until April 2022, also at Defendant's 640 5th Avenue location in Manhattan.

28. In that role, despite the difference in title, Plaintiff Castillo was also primarily responsible for restocking shelves, packing shipping orders, repairing products, receiving shipments, counting inventory, and performing product related demonstrations.

29. Significantly more than twenty-five percent of Plaintiff Castillo's work was spent completing manually laborious tasks, such as those listed in the prior paragraph.

30. For his work, Defendant paid Plaintiff Ibrahim between $21.00 and $22.50 per hour. On average, Ibrahim worked approximately forty hours per week.

31. For her work, Defendant paid Plaintiff Castillo between $24.74 and $25.74 per hour. On average, Castillo worked approximately forty hours per week.

32. Defendant paid Plaintiffs on a bi-weekly basis throughout their employment. More specifically, Defendant paid Plaintiffs for each two-week pay period on the Friday following the second week of each pay period.

33. This failure to pay Plaintiffs at least as frequently as weekly deprived Plaintiffs of the ability to timely access and use their money at least half of the time during their employment.

34. In paying Plaintiffs on a bi-weekly basis, Defendant provided Plaintiffs with a wage statement on each payday that listed a legally inaccurate pay period.

35. Defendant's failure to provide Plaintiffs with a proper wage statement on each payday deprived Plaintiffs of the ability to know how frequently they were entitled to be paid and contributed to the late payment of wages as asserted herein.

36. Defendant treated Plaintiffs and has treated Rule 23 Plaintiffs in the same manner described herein.

37. Defendant has acted in the manner described herein to maximize its profits and minimize its labor costs and overhead.

38. Each hour that Plaintiffs and Rule 23 Plaintiffs have worked was and is for Defendant's benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay Wages on a Timely Basis in Violation of the NYLL*

39. Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. NYLL § 191(1)(a) requires that employers pay their manual worker employees all of their earned wages on at least as frequently as a weekly basis.

41. As described above, Defendant is an "employer" within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are manual worker employees within the meaning of the NYLL.

42. As also described above, Defendant failed to pay Plaintiffs and Rule 23 Plaintiffs all of their earned wages on at least as frequently as a weekly basis.

43. Plaintiffs and Rule 23 Plaintiffs are entitled to liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendant's violations of the NYLL's requirement to pay all earned wages to manual worker employees on at least as frequently as a weekly basis.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

44. Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

46. As described above, Defendant is an "employer" within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

47. As also described above, Defendant, on each payday, failed to furnish Plaintiffs and Rule 23 Plaintiffs with a wage statement that accurately contained the criteria that the NYLL requires.

48. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

49. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned New York laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiffs and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

e. Designation of Plaintiffs and their counsel as class action representatives under the FRCP;

  f. Awarding all damages that Plaintiffs and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including liquidated damages and any other statutory penalties as recoverable under the NYLL;

  g. Awarding Plaintiffs and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

  h. Awarding pre-judgment and post-judgment interest, as provided by law; and

  i. Granting Plaintiffs and Rule 23 Plaintiffs all other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
    March 29, 2024

               Respectfully submitted,

               BORRELLI & ASSOCIATES, P.L.L.C.
               *Attorneys for Plaintiffs*
               910 Franklin Avenue, Suite 205
               Garden City, New York 11530
               Tel. (516) 248-5550
               Fax. (516) 248-6027

    By: _____
        MICHAEL J. BORRELLI (MB 8533)
        ALEXANDER T. COLEMAN (AC 1717)